HELEN M. MORRISON, Defendant Below-Appellant,
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff Below-Appellee.
No. 417, 2007.
Supreme Court of Delaware.
Submitted: February 8, 2008.
Decided: April 30, 2008.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 30th day of April 2008, upon consideration of the parties' briefs and the record below, it appears to the Court that:
(1) The appellant, Helen Morrison, filed this appeal from an order of the Superior Court, entered July 27, 2007, denying Morrison's motion to vacate a foreclosure sale of property located at 146 Honora Drive in Bear, Delaware. We find no merit to Morrison's appeal. Accordingly, we affirm the judgment below.
(2) The record reflects that Federal National Mortgage Association (FNMA) filed foreclosure proceedings against the property in 2003. Due to Morrison's filing of four successive bankruptcy petitions, however, the foreclosure proceedings were stayed. In March 2007, the Bankruptcy Court ultimately declared Morrison ineligible to file for bankruptcy and dismissed her petition with prejudice. Thereafter, FNMA scheduled the property for sheriff's sale, which was completed July 10, 2007. Morrison then moved to vacate the sheriff's sale contending that she had been granted an extension in order to complete a private sale of the property.
(3) At the hearing on her motion, Morrison acknowledged that she had made no payments on the mortgage since 2003. She argued that she had been trying to hold onto the property in the intervening years and had only located a private purchaser just weeks before the scheduled sheriff's sale. She contended that she had received an extension of time to complete the private sale by Washington Mutual Bank, the servicer of the loan. As the Superior Court held, however, Washington Mutual was not a party to the proceeding and had no authority to grant an extension. Under the circumstances, we find no error in the Superior Court's conclusion that Morrison had failed to present any valid defense to the foreclosure action. Accordingly, we affirm the Superior Court's denial of Morrison's motion to vacate the sheriff's sale.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.